R. A. HUTCHINSON *v.* S. C MITCHELL & Co. et al.

*In the absence of special notice brought home to the holder of a bill of exchange, as to the objects for which a credit or authority to draw is given, it is no defence to an action on a bill drawn under an unconditional authority, that the authority was intended to have been used in a particular form.*

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
     *J. Ad Rosier,* for plaintiff and appellant. *Lea & Marr* and *T. S. McCay,* for defendants.

BUCHANAN, J. This is a suit upon a draft or bill of exchange for $1000,

drawn by the defendant, *Fuqua,* on the defendants, *Mitchell & Co.,* and protested for non-acceptance and non-payment.

The petition alleges, that plaintiff had taken this draft on the faith of letters of credit given by the drawees to the drawer, which aathorized the latter to draw upon the former, and promised to protect bills so drawn.

The defence of *Mitchell & Co.* is, that the letters of credit referred to in plaintiff's petition had been exhausted previously to the drawing of this bill. Those defendants also denied in their answer, that the draft sued on was drawn or taken in the usual course of business, upon the faith of the credits of 11th December, 1856 ; and that defendants, *Mitchell & Co.,* were under any obligation to accept or pay said draft.

Upon the first ground of defence, the fac tappears to us to be otherwise than stated in the answer. The amount of the two letters of credit of the 11th December, 1856, (ten thousand dollars) had not been exhausted at the time of drawing the bill in question. The previous bills drawn against those letters of credit only amounted to eight thousand seven hundred dollars.

Upon the second ground of defence, it appears that the bill in question was negotiated by the Branch of the Southern Bank of Kentucky, at Hickman, within a few days after its date, in reference to the letters of credit of *Mitchell & Co.* of the 11th December, 1856, which were deposited with that bank.

It is alleged in the answer of *Mitchell & Co.,* that the letters of credit in question were given to *Fuqua* to be used by him in purchasing produce to be shipped to *Mitchell & Co.,* in New Orleans, and for this purpose only ; and that plaintiff was fully advised of this when he took the draft ; and that the bank which negotiated and discounted said draft well knew the same fact. And it is charged, that the draft sued upon was not given for, or used in the purchase of produce to be shipped to the drawees.

The defendants have failed to prove the allegations of their answer in reference to the purpose for which the credits were intended to be used, and the knowledge of such purpose on the part of plaintiff and of the bank.

No witness has been called by defendants ; and the only witness who was examined for plaintiff, the book-keeper of the bank at Hickman, being asked, on his cross-examination by defendants, if the credits were not intended to enable *Fuqua* to discount at the bank, bills drawn on defendants by him for the purposes of their business,—answers, that he does not know for what purpose the money (proceeds of drafts discounted) was to be used.

The fact is, that the proceeds of discount of the draft in question were applied by the bank to the settlement of a judgment held by the bank at Hickman against *Fuqua,* the drawer, as principal, and the plaintiff as surety. But in the absence at least of special notice brought home to the holder, the objects for which a credit, or authority to draw, is given, it is no defence to an action on a bill drawn under an unconditional authority, that the authority was intended to have been used in a particular form. *Davidson* v. *Keyes,* 2 Rob. 254.

It is, therefore, adjudged and decreed, that the judgment of the District Court as to the appellees, *Mitchell & Co.,* be reversed ; and it is further decreed, that the plaintiff and appellant, *Robert A. Hutchinson,* recover of defendants and appellees, *Stephen C. Mitchell & Co.,* ten hundred and seventy-seven dollars and seventy-two cents, with legal interest from judicial demand (April 26th, 1859,) until paid, and costs in both courts.

Duffel, J., absent.